T. J. NEWSOME v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 20 March, 1907).

1. **Telegraph Companies — Message — Error in Transmission — Sendee's Name Changed.**—When in the transmission of a telegram ordering the shipment of four gallons of "corn," meaning corn whiskey, the name of the sender was erroneously transmitted and damages claimed on that account for failure to receive the whiskey, the plaintiff must show by a preponderance of the evidence that the sendee was deceived by the error, and for that reason only failed to ship, and that he understood that corn whiskey was intended.

2. **Telegraph Companies—Message—Error in Transmission—Evidence.**—Where a telegram had been sent ordering goods which failed to arrive, it is not sufficient evidence to go to the jury upon liability of defendant for damages thereby claimed, to merely show that the sendee of the message had sold plaintiff goods on a credit before and since the time of the sending of the message, as the failure to ship or receive the whiskey may have been from other causes.

CIVIL ACTION, tried at Fall Term, 1906, of the Superior Court of SAMSON County, before *Jones, J.,* and a jury.

The defendant excepted and appealed from the judgment rendered.

*John D. Kerr* and *George E. Butler* for plaintiff.
*F. H. Busbee & Son* and *R. C. Strong* for defendant.

BROWN, J.    This case is reported in 137 N. C., 513, and
it is unnecessary to again state the facts.    In the opinion
of the *Chief Justice,* speaking for the Court, it is there
said: "This was error for two reasons: first, it did not
appear in the evidence that the whiskey would have been
sent if the message, when received by the sendee, had had
the plaintiff's name properly signed thereto."    The negli-
gence consists in an error in transmission, the signature of
the plaintiff having been written "T. J. Sessoms" instead
of "T. J. Newsome," and so delivered to Royal, the sendee.
It is, therefore, as already held, incumbent upon the plaintiff
to show by a preponderance of the proof that Royal was
deceived by the error and for that reason refused to ship
the whiskey.    The jury must also be satisfied that Royal
understood that the word "corn," used in the message, meant
"corn whiskey."

We find no evidence in the record tending to sustain
these necessary allegations of fact, and, therefore, hold that
the Court erred in refusing to give the defendant's prayer
for instructions to that effect.    The only evidence which, it
is argued by plaintiff, tends to support such allegation is that
prior to 3 February, 1902, the date of the telegram, the
plaintiff had purchased whiskey from Royal on credit.    This
fact, if true, is a mere collateral circumstance and tends to
prove nothing.    The failure to ship the "corn" can be
accounted for on a different hypothesis than the failure to
get the message correctly delivered under the circumstances
of the case, and therefore the evidence is insufficient.    1
Greenleaf Ev., sec. 12; 1 Stark. Ev., 471, note.    Assuming
that the message had been correctly transmitted, or that
Royal was not misled as to the identity of the sender of the

message and may also have understood "corn" to mean "corn whiskey," yet he may not have filled the order for other reasons. He may not have had the article on hand at the time; again, he may personally have neglected and over-looked the order and failed therefore to ship; or he may have preferred to have the cash before shipping, or the shipment may have gone astray, etc., etc. The proof ten-dered does not exclude either of the above hypotheses and is consistent withal.

New Trial.