THOMAS J. NEWSOME v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 6 October, 1910.)

1. Telegraphs—Contract—Notice—Damages Speculative.

A telegraph company, as a public agency, is compelled to accept telegrams for transmission and delivery with the charges for such service fixed by the Corporation Commission, and it is not held to contract with reference to all special damages claimed because of information given its agent by the sender, as to the purpose and effect of the message, and remote or speculative damages are not recoverable.

**2. Telegraphs—Damages Speculative.**

Only such damages are recoverable as flow directly and natu-
rally from the negligence of a telegraph company in transmitting
a telegram, and they must be certain in their nature and in re-
spect to the cause from which they proceed.

**3. Same—Evidence—Nominal Damages.**

In an action for damages against a telegraph company alleged
to have been caused by the change of name of the sender of the
message in transmission, the message reading, "Send four gallons
corn, Mintz Siding, Rush, Raft hands," upon the ground that the
error prevented the sender from receiving four gallons of corn
whiskey which he had contracted to furnish his raft hands to raft
rosin and timber to Wilmington, and that in consequence the
hands would not go into the water to raft the stuff, causing plain-
tiff to lose advantage of the freshet to his damage, and that these
facts were communicated to defendant's agent at the time the
message was sent. *Held*, Damages too speculative and remote,
and recovery, except nominal damages, denied.

APPEAL from *Cooke, J.,* at the May Term, 1910, of SAMPSON.
The facts are sufficiently stated in the opinion of the court.
These issues were submitted:

1. Was the defendant guilty of negligence in the transmission
of the message as delivered to it by the plaintiff? Ans. Yes.

2. What damage, if any, has plaintiff sustained by reason of
the failure of the defendant to transmit the message as written
and delivered to the defendant? Ans. Five hundred and twenty-
four dollars and ten cents ($524.10).

From a judgment for plaintiff defendant appealed.

*John D. Kerr* and *Geo. E. Butler* for plaintiff.
*Robert C. Strong* and *A. S. Barnard* for defendant.

BROWN, J. The facts of this case are stated fully in 137 N.
C., and 144 N. C., 178. The alleged negligence consists in trans-
mitting a telegram to one Royal, Benson, N. C., ordering four
gallons corn whiskey to be sent by express to Mintz Siding in
Sampson County, N. C. The signature was transcribed on the
delivered telegram as T. J. Sessons instead of T. J. Newsome.
The plaintiff alleges that he ordered the whiskey by agreement
with his raft hands who were preparing to construct rafts and

take his timber and rosin to Wilmington during a freshet in February, 1902, and that they refused to go into the water without it; in consequence of which he lost the benefit of the freshet and was greatly endamaged.

The defendant requested an instruction that in no view of the evidence can plaintiff recover more than nominal damages, which was refused.

The courts will be careful not to apply to a contract of this character a rule of damage which will impose upon the defendant an unreasonable and speculative liability, which an individual may avoid by declining to enter into the contract.

The fact that the plaintiff informed the defendant's operator that he needed the whiskey in order to get his rafting done will not allow us to hold the defendant to damages which from the very nature of the case must be purely speculative and remote. It should be borne in mind that the defendant, being a public agency, was compelled to accept the telegram and to agree with the plaintiff, at the price fixed by the North Carolina Corporation Commission, to transmit it, under such circumstances it cannot be said that the defendant contracted with reference to the damages claimed by the plaintiff simply because its agent was informed of the purpose for which the plaintiff wanted the whiskey. While we apply the rule of *Hadley v. Baxendale* to this kind of a contract, yet that rule will not justify the imposition of remote and speculative damages upon a public service corporation.

In *Tanning Co. v. Telegraph Co.,* 143 N. C., 376, cited and approved in *Mfg. Co. v. Telegraph Co.,* 152 N. C., 157, this Court said: "Damages are measured in matters of contract, not only by the well-known rule lain down in *Hadley v. Baxendale,* 9 Exch, 341, but they must not be the remote, but the proximate consequence of a breach of contract, and must not be speculative or contingent." See also *Byrd v. Express Co.,* 139 N. C., 273. It is an elementary principle that all damages must flow directly and naturally, and that they must be certain both in their nature and in respect to the cause from which they proceed. Shearman and Redfield on Neg., secs. 25, 26.

Damages which are uncertain and speculative, or which are not the natural and probable result of the breach, are too remote to be recoverable. 2 Joyce, sec. 1284.

It is universally held that damages are not to be based upon mere conjectural probability of future loss or gain. 8 Am. & Eng., 610, and cases cited. Something more than a possible result must appear.

The fact that the whiskey was not sent may have caused the hands not to go into the water, but it is a far cry between constructing the raft at Thomas and marketing the product at Wilmington. The whiskey may have arrived and still the raft remain unconstructed. The raft may have been constructed and loaded and still never have reached Wilmington.

It requires quite a stretch of the imagination to conceive that had the four gallons of corn whiskey arrived at Thomas, the raft would have been properly constructed, loaded and safely conducted over a heavy freshet to Wilmington and the merchandise duly and profitably marketed. Whiskey is very potential at times, but it cannot be relied upon to produce such beneficent results as is claimed for it in this case.

It is a singular fact in the county where the four gallons of corn whiskey were expected to produce such unusual results, its use was decried and its sale prohibited by law. It was contraband, outlawed, and dealing in it made a crime.

We are of opinion that the plaintiff is entitled to recover nominal damages only. It is so ordered.

Error.