L. T. THOMPSON v. THE AMERICAN RAILWAY EXPRESS COMPANY.

(Filed 15 September, 1920.)

**Carriers of Goods—Express Companies—Special Damages—Notice—Tobacco .Flues—Damages.**

An express company receiving tobacco flues so crated that the piping is exposed to view, and may be seen and understood as being only for the purpose of curing tobacco, and in a section of country where tobacco is largely grown and cured, and in the tobacco curing season, is evidence of the special circumstances that the consignee's tobacco will be injured in its curing by the negligent delay in the transportation by the carrier, which the jury may consider in passing upon the amount of damages recoverable in the consignee's action.

CIVIL ACTION, tried before *Cranmer, J.,* and a jury, at May Term, 1920, of BEAUFORT.

The action is to recover damages for breach of contract of shipment, in failing to deliver promptly some flues for curing tobacco, and there was evidence on the part of plaintiff tending to show that he was a farmer and engaged in raising and curing tobacco near Aurora, N. C.; that having two barns filled and ready for curing, and going over the flues just before firing, he ascertained that some of them were defective, and immediately, on 15 July, 1918, telephoned to a dealer in Washing-

ton, N. C., the only place they could be readily procured, ordering the necessary flues for shipment, and they were delivered for shipment to defendant, an express company, uncovered, so that the nature and purpose of the goods were in clear evidence, and a receipt taken, dated Tuesday, 16 July. That Aurora was 28 miles distant by railroad from Washington; that defendant was a common carrier by express, and the regular daily trains available left Washington at 4:15 p. m., arriving at Aurora at 6 p. m.; that not receiving the flues on Tuesday, as he had a right to expect, on Wednesday he telephoned to defendant at Washington, stating the contents of receipt, and making inquiry for the goods. They again failed to arrive, and, on Thursday, plaintiff went to Washington by automobile and made inquiry in person, showing the receipt. The agent looked at the receipt, saying they were billed for shipment on Tuesday. They, however, made further search and produced flues, saying they had been found near Hackney's tobacco factory, in a ditch. (This is a point on the route.) They then reshipped the flues, and plaintiff received them at Aurora Thursday night, etc. By reason of the delay, one of the barns of tobacco was badly damaged, to the extent of four or five hundred dollars; that it was the tobacco curing season; "that this was plaintiff's third curing of that year, and that it was a tobacco raising section and curing was generally going on at the time," etc.; that flues of this kind were only used for the purpose of curing tobacco, and, as stated, were shipped uncovered in any way, so that then the kind of goods were readily observable.

The cause was submitted to the jury, who rendered a verdict for plaintiff, assessing his damages at $200, the amount demanded.

Judgment on the verdict for plaintiff. Defendant excepted and appealed, assigning for error chiefly that the court, in its ruling and charge, permitted an award of compensatory damages in reference to the special circumstances attendant on the order and the delay in shipment.

*Ward & Grimes for plaintiff.*
*Small, MacLean, Bragaw & Rodman for defendant.*

HOKE, J. In this case the negligence of the defendant and consequent injury are admitted, or clearly established, and the single question presented is whether, on the record, there was sufficient evidence of knowledge or notice of "special circumstances" to permit that the jury should consider such circumstances in determining the amount of damages.

Speaking to the general principle applicable, in *Furniture Co. v. Express Co.,* 148 N. C., at page 90, the Court said: "Where the goods shipped have a market value, and there is nothing to indicate the specific purpose for which they were ordered, these damages are usually the

difference in the market value of the goods at the time fixed for delivery and that when they were in fact delivered. We have so held in the case of *Davidson Development Co. v. R. R.,* 147 N. C., 503, and *Lee v. R. R.,* 136 N. C., 533, is to the same effect. When, however, the goods are ordered for a special purpose, or for present use in a given way, and these facts are known to the carrier, he is responsible for the damages fairly attributable to the delay and in reference to the purpose or the use indicated. And it is not necessary always that those facts should be mentioned in the negotiations, or in express terms made a part of the contract, but when they are known to the carrier under such circumstances, or they are of such character that the parties may be fairly supposed to have them in contemplation in making the contract, such special facts become relevant in determining the question of damages. Moore on Carriers, p. 425; Hutchinson on Carriers, sec. 1367."

Applying the principle in a former case of *Neal v. Hardware Co.,* 122 N. C., 104, a recovery of special damages was sustained for negligent delay in the failure to supply and ship promptly flues for curing tobacco, ordered of a manufacturing company through a local agent, the Court holding, among other pertinent rulings, that the "Manufacturer who makes, and the agent who sells, flues for curing tobacco, in localities where tobacco is cultivated, must be presumed to know the proper season for cutting and curing tobacco, and if it is not cured in apt time, serious loss will result."

These cases are in full support of his Honor's charge, submitting the evidence of special circumstances and the notice thereof to the consideration of the jury, it appearing that these flues, used only for curing tobacco, were delivered to defendant company for shipment in a locality where tobacco was generally grown, and in the midst of the curing season, and, as said by *Chief Justice Faircloth* in the *Neal case:* "In localities where tobacco is cultivated, it must be common knowledge that, if it is not cut and cured in apt time, serious loss is the necessary consequence." And *Rawls v. R. R.,* 173 N. C., 6; *Peanut Co. v. R. R.,* 155 N. C., 148; *Lumber Co. v. R. R.,* 151 N. C., 23; *Tillinghast v. R. R.,* 143 N. C., 268, are all decisions in approval of the general principle.

We find no error in the record, and the judgment for plaintiff is affirmed.

No error.