J. B. BARROW v. NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 18 October, 1922.)

**Contracts — Breach — Damages — Railroads—Sidetracks—Warehouses—Drayage.**

Damages recoverable for a breach of contract are those which were in the contemplation of the parties, and are capable of ascertainment with a reasonable degree of certainty; and where the owner of a tobacco warehouse has rented the same under an agreement to save the tenant the cost of drayage, depending upon his contract with the defendant railroad company to put in a sidetrack within a certain time, for a consideration he had performed, the defendant railroad company is answerable in damages in the owner's action in such amount as he has been required to allow his tenant for such drayage charges made necessary by reason of the defendant's failure to put in the sidetrack by the time designated, and which the defendant had agreed to with knowledge of the plaintiff's pur-

pose to thereby save the cost of drayage. The question as to unlawful discrimination in freight rates, contrary to the Federal statutes, does not arise in this case.

APPEAL by defendant from *Daniels, J.,* at May Term, 1922, of CRAVEN.

Civil action for alleged breach of contract on part of defendant company in failing to put in a sidetrack from main line of its road to the tobacco prize house of plaintiff, situate two hundred yards from defendant's road. On denial of liability, the cause was submitted and determined by the jury on the following issues:

"1. Did plaintiff and defendant enter into a contract, as alleged in the complaint? Answer: 'Yes.'

"2. If so, did plaintiff perform his part of the contract? Answer: 'Yes.'

"3. Did defendant wrongfully break the contract? Answer: 'Yes.'

"4. What damage, if any, is plaintiff entitled to recover from defendant? Answer: 'Yes, $309.57, with interest from 8 November, 1920.' "

Judgment for plaintiff, and defendant excepted and appealed.

*D. L. Ward for plaintiff.*
*Moore & Dunn for defendant.*

HOKE, J. The evidence on part of plaintiff, which the jury have accepted as the correct version of the matter, tends to show that plaintiff owned a tobacco prize house, situate about two hundred yards from defendant's road, and in July, 1920, he made a contract with defendant to put a spur track from a point near its station to the warehouse, about two hundred yards distant. That defendant stipulated that same would be complete and ready for use by the opening of the tobacco season, not later than 4 September, 1920. That plaintiff was to pay for said track the sum of $1,200, or procure for the road a lot which it desired and needed in its business, and in compliance with this bargain, plaintiff bought the lot and had same conveyed to the company by proper deed. That the chief engineer, who acted for the company in the matter, was informed and understood at the time of the agreement that the purpose was to save the drayage charges for the approaching tobacco season, and relying on defendants to have the spur track ready, plaintiff, in renting his warehouse, agreed that the occupants would not have to pay any drayage charges for that season. That defendant failed to build the track within the time specified, and plaintiff was compelled to reduce his rental or make good to the occupant the drayage charges, same amounting to $309.57.

There was evidence for defendant denying that there was any definite time agreed upon, but the jury, as stated, having accepted plaintiff's version, the case is brought clearly within the established principle, and under which it was fairly submitted and determined.    That on breach of contract plaintiff may recover such damages as were in contemplation of the parties, and which are capable of ascertainment with a reasonable degree of certainty.    Decisions in application of the principle not dissimilar to the case presented will be found in *Thompson v. Express Co.,* 180 N. C., 42; *Rawls v. R. R.,* 173 N. C., 6.

Plaintiff having bought and paid the full contract price for putting in the spur track at a specified time, is entitled to recover the damages naturally incident to the breach, and in our opinion there is nothing in the case which presents the question of unlawful discrimination in freight rates contrary to Federal or State regulations on the subject. *Slocumb v. R. R.,* 165 N. C., 338-343.

We find no error in the record, and the judgment on the verdict is affirmed.

No error.