### R. L. CHESSON v. KEICKHEFFER CONTAINER COMPANY.

(Filed 18 October, 1939.)

**1. Contracts § 25b—**

Damages recoverable for breach of contract are those which are the natural consequences of such breach and which are reasonably certain and not speculative, and special damages are recoverable only when the special circumstances out of which they arise are communicated or known to the party sought to be charged.

**2. Same—New trial awarded for error on issue of damages in this action for breach of contract to purchase pulpwood.**

This action for damages was instituted to recover for alleged breach of contract by defendant under which contract defendant agreed to purchase pulpwood cut by plaintiff from a certain tract of land and to provide plaintiff with the equipment and means for cutting and delivering the wood to defendant. *Held:* A new trial must be awarded for error on the issue of damages in permitting the jury to consider the total amount of the purchase money note given by the defendant to the owner of the land for the timber when it appeared that upon plaintiff's abandonment of his contract the owner of the land took over the location prior to the expiration of the time given plaintiff to remove the timber, and for error in submitting the question of damages under separate issues as to losses sustained and gains prevented by defendant's breach of the contract under instructions permitting the jury to award, under both issues, the difference between the price defendant agreed to pay for the wood delivered and the price plaintiff agreed to pay for the timber, plus his expenses in cutting and removing same.

APPEAL by defendant from *Carr, J.,* at April Term, 1939, of CHOWAN. New trial.

This action was brought to recover damages for a breach of contract between plaintiff and defendant under which, as it is alleged, defendant agreed to purchase all the pulpwood plaintiff might cut and deliver from a certain tract of land, which timber the plaintiff had undertaken to buy.

It is alleged that the contract obligated defendant to pay $4.50 per unit for the pulpwood delivered, or more if the market price advanced.

In addition, it is alleged that in order to provide the quantities of material which defendant was anxious to purchase, it agreed to furnish the plaintiff necessary team, trucks, and equipment for the cutting and handling of the pulpwood, and to advance the funds necessary for plaintiff's pay roll in cutting, preparing, and loading it. The defendant, it is alleged, was to retain fifty cents per cord out of the purchase price, to reimburse it for this service, and for the advancements.

The plaintiff alleges that he prepared himself to carry out his contract at great expense and loss of time and began the cutting and shipping; but that defendant breached its contract, furnished plaintiff no equipment or advancement, and refused to buy and pay for the pulpwood, except as to a small quantity initially delivered; that depending on the performance of the contract by defendant, and as was known to the defendant at the time the contract was made, plaintiff had entered into a purchase agreement for the timber on the tract described, under which contract he had a limited time to cut and remove the timber; and that because of the breach of the contract he was unable to pay the purchase price. That because of the defendant's monopoly of the pulpwood business it was impossible to sell it elsewhere; and that it was also impossible for him to sell the timber upon the place for other uses. Plaintiff further alleged that his note was still outstanding for the purchase price of the timber; that defendant had caused him to incur expenses and loss of time and had damaged him to the extent of $11,000.

The answer of the defendant denied all of the substantial allegations of the complaint except those that are merely formal.

The evidence relating to the issue of damages, which is the more immediate subject of consideration by the Court, may be briefly summarized. Upon that issue the plaintiff testified that he had made a note dated 10 June, 1937, maturing one year from date, for the timber on the Small tract containing the pulpwood defendant agreed to take, which note was yet unpaid; that he had told Mr. Henderson, manager of the company, that he had a limited time to cut the timber and asked him if eighteen months was a sufficient time to take. The time ran from the early part of June, 1937, and he so informed Mr. Henderson.

There was evidence for the plaintiff that the Small tract would cut from 2,000 to 2,400 cords of pulpwood, and evidence as to the reasonable cost of cutting, hauling, and delivering at the place agreed upon, of the price which plaintiff was to receive per unit therefor, and the value of the stumpage. Plaintiff also introduced evidence in support of his allegation that defendant agreed to furnish him with the equipment

described in the complaint and to advance money for the pay roll, and testified that defendant did neither.

Further evidence related to the value of the stumpage and the difficulty or impossibility of cutting the timber without the assistance which the defendant had promised to give and of the inability of the plaintiff to minimize his damages either by the sale of the timber or its cutting and delivery as pulpwood to any other purchaser.

The evidence discloses that plaintiff either abandoned or forfeited his contract with the owner of the timber and that the location was taken over by such owner prior to the expiration of the full term given to the plaintiff to cut it. The evidence discloses no payment by the plaintiff of any part of his note given for the purchase price.

*J. Henry LeRoy and J. H. Hall for plaintiff, appellee.*
*Z. V. Norman and W. D. Pruden for defendant, appellant.*

SEAWELL, J. We are not sure that the evidence in its present form justified the submission to the jury, as an element of damages, losses sustained by the plaintiff with reference to the value of the timber or his present outstanding obligation to pay for it. Provable damages must be reasonably certain and not rest upon doubt or speculation. *Brewington v. Loughran,* 183 N. C., 558, 112 S. E., 257; *Newsome v. Telegraph Co.,* 153 N. C., 153, 69 S. E., 10; *Newbold v. Fertilizer Co.,* 199 N. C., 552, 155 S. E., 167. Generally, damages recoverable because of breach of contract are those which are the natural and probable consequences of such breach and are, therefore, presumed to be within contemplation of the parties at the making of the contract. *Lane v. R. R.,* 192 N. C., 287, 134 S. E., 855, 51 A. L. R., 1114; *Equipment Co. v. Gadd,* 183 N. C., 447, 111 S. E., 771. Special damages are recoverable only when the special circumstances out of which they arise are communicated or known to the party sought to be charged. *Barrow v. R. R.,* 184 N. C., 202, 113 S. E., 785; *Iron Works v. Cotton Oil Co.,* 192 N. C., 442, 135 S. E., 343; *Peanut Co. v. R. R.,* 155 N. C., 148, 71 S. E., 71; *Hadley v. Baxendale,* 9 Eng. Exch., 341. It is to be noted, also, that there is no evidence that plaintiff has as yet sustained a loss by reason of his outstanding obligation to pay for the timber or what such loss might be in view of the fact that the owner took over the location before the expiration of the time given plaintiff to remove the timber.

But if we concede the loss of the stumpage to be a proper element of damage, the instructions to the jury covering this, and its complementary subject of damage under the issue submitted, cannot be approved.

Without attributing error to the charge in that respect, we doubt the propriety of the division of the issue as to damages into the two items;

but at any rate the instructions were such as might likely confuse the jury, and in one respect the subjects—gains prevented and losses sustained—are so related as to overlap. The findings as to loss sustained might, in some respects, partly duplicate the damages permitted to be found as gains prevented. As to gains prevented, the jury was instructed that it might apply as a measure of damages the difference between the price which plaintiff would have obtained for his pulpwood delivered according to the contract, and the cost to him incident thereto, including the price that he had to pay for the stumpage; and they were further instructed upon the item of losses sustained to consider the value of the timber which he claimed to have lost by reason of defendant's breach of the contract. It is evident that this value might have exceeded the cost price, and since the timber itself must necessarily have been consumed by plaintiff in carrying out his contract, he might, under this theory, recover double damages as to the excess of value over purchase price.

We do not consider other objections or exceptions, in view of the conclusion we have reached. In the respects mentioned we find error entitling the defendant to a new trial.

New trial.