J. L. CALDWELL AND D. M. McKELVEY, TRADING AS SUPERIOR CLEAN-
ERS, v. E. H. McCORKLE, TRADING AS McCORKLE'S CLEANERS &
DYERS.

(Filed 2 May, 1945.)

1. Contracts § 24—

In an action by plaintiffs against defendant to recover on contract for
services performed, where defendant pleads that plaintiffs, subcontractors
for defendant under contract to process clothing, bedding, etc., for Army
bases, though paid in full, failed to perform the services as agreed, to the
damage of defendant, who was compelled himself to retransport the cloth-
ing, etc., and do the work over again to comply with his customer's con-
tract, there being evidence offered in support of the contentions of both
plaintiffs and defendant, it was error for the court to charge the jury
that, should they answer the issue in favor of plaintiffs to any amount, it
would constitute a finding that the contract was as plaintiffs contend and
defendant would not be entitled to recover anything except what a breach
of the contract had cost him, as such charge expressly excludes expenses
incurred in correcting the defective work of plaintiff and money received
for services plaintiffs failed to render.

2. Contracts § 25b—

If the controverted issue of breach of contract is resolved against plain-
tiffs, in an action for service rendered thereunder against defendant, who
has pleaded breach and counterclaim for damages, then defendant is
entitled to recover the losses which naturally and proximately result from
the nonperformance and which were reasonably in the minds of the parties
at the time of its making.

APPEAL by defendant from Olive, Special Judge, at October Extra
Term, 1944, of MECKLENBURG. New trial.

Civil action to recover for services rendered.

Both plaintiffs and defendant are engaged in the business of cleaning
and pressing wearing apparel. Defendant obtained a contract from the
United States Government to process military uniforms, blankets, mat-
tresses, and other articles for certain Army camps, including Camp
Forrest in Tennessee, Camp Sutton in North Carolina, and Camp Stew-
art in Georgia. He furnished the transportation. When he received
articles to be processed he signed a "tally-out" sheet for it and when the
processed articles were returned, he received a "tally-in" sheet as a
receipt. Defendant sublet a part of the work to plaintiffs and he was to
pay therefor at a stipulated rate upon receipt of the Government "tally-
in" sheet. There is a controversy as to the provisions of the contract in
respect to the exact nature of work to be done by plaintiffs.

Plaintiffs allege that they performed certain services under the agree-
ment for which the defendant has not paid. They allege a balance of
$1,261.30 and seek judgment therefor.

The defendant, answering, admits the contract, denies the allegation of indebtedness, and pleads (1) the failure of plaintiffs to process apparel delivered to them as required by the agreed specifications, (2) that the merchandise thus improperly processed was rejected by army officials, rendering it necessary for him to reprocess the rejected articles at a total expense of $3,570, and (3) that although the plaintiffs failed to properly process such merchandise, he has, under his agreement with them, paid them the agreed price therefor. He alleges further that in addition to the expense for recleaning he was required to do extra transporting to and from the camps at a total cost of $862.50. Thus he claims a net balance due him of $3,171.20. He prays an accounting.

The parties elected to treat defendant's affirmative plea as a counterclaim and issues were submitted to and answered by the jury as follows:

"1. What amount, if any, is the defendant indebted to the plaintiffs?

"Answer: $330.00.

"2. What amount, if any, are the plaintiffs indebted to the defendant?

"Answer: 0."

There was judgment on the verdict and defendant appealed.

*Uhlman S. Alexander for defendant, appellant.*
*No counsel contra.*

BARNHILL, J.    It is agreed that plaintiffs were to process and clean wearing apparel and other merchandise delivered to them by the defendant and were to be paid at a stipulated rate. Plaintiffs allege and offer evidence tending to show that defendant has not paid them in full for the services rendered under the agreement. They seek recovery for the balance due. Defendant alleges and offers evidence tending to show that plaintiffs failed to properly process the articles received by them; that the Army "turned down" or rejected the work thus improperly done; that as a result he was required to make additional trips to the Army camps and to reprocess and clean such articles at great cost to him; and that he has paid plaintiffs for all work done and services rendered, including the charges for the articles improperly and insufficiently processed and cleaned. He seeks to recover expenses incurred by reason of the alleged breach of contract.

On this conflicting evidence the court twice instructed the jury to the effect that if they answered the first issue in favor of plaintiffs, in any amount, they should not consider or answer the second issue, on the theory that an affirmative answer to the first issue would constitute a finding that the contract was as contended by plaintiffs and plaintiffs had fully complied therewith.

Some time after they had begun their deliberations the court recalled the jury and stated to them that it erred in instructing them not to consider the second issue in the event they answered the first issue in any amount, and charged them as follows:

"No matter what you answer the first issue, you will consider the second issue, and, as I say, you will apply the same law to the second issue that I gave you, to begin with."

What, then, had the court instructed the jury as to the law applicable to this issue? The record discloses the following:

"Now, gentlemen of the jury, the Court instructs you, on this second issue, if you answer the first issue in any amount, you will have found that the .contract was as the plaintiffs contend, by the greater weight of the evidence, and you would have allowed them a reasonable amount for this processing of the clothing; and, if you come to this second issue, gentlemen of the jury, the Court instructs you, as a matter of law, that the defendant would not be entitled to recover anything except what a breach of the contract has cost him; and, if you come to the second issue, the defendant would not be paying the plaintiffs any amount for any processing of the clothing and he would not be entitled to recover the full amount of what it cost him to clean and press the clothing, because he has testified that he has been paid by the Government for the processing and cleaning, but only such damages as flow immediately from the breach of the contract."

Defendant's exception thereto must be sustained.

The court in the quoted charge inadvertently·failed to go further and explain what elements of damage would enter into and be embraced by "what a breach of the contract would cost him." It expressly excluded expenses incurred in reprocessing articles not cleaned or processed in accord with agreed specifications. It failed to correct this inadvertence elsewhere in its charge.

Furthermore, *non constat* defendant may not have settled in full for all services rendered·by plaintiffs, it still may be true, as he testified, that he has paid them for work they failed to do in accord with the terms of the contract. It does not follow as a matter of law that an affirmative answer to the first issue would constitute a finding by the jury that the contract was as plaintiffs contend. Nor does such a finding compel the conclusion that plaintiffs are not required to account for money received for services they failed to render. If the controverted issue as to the alleged breach of contract is resolved against them, then defendant is entitled to recover the losses which naturally and proximately resulted from the nonperformance and which were reasonably in the minds of the parties at the time of its making. *Monger v. Lutterloh,* 195 N. C., 274 (279), 142 S. E., 12, and cases cited.

The record fails to justify the conclusion the parties did not contemplate that a breach of the contract by plaintiffs would cause defendant to incur additional expense in reprocessing the merchandise to meet the requirements of the Army and additional trips in transporting the same to and from the Army camps.

This is not affected by the fact defendant has been paid by the Government for the processing and cleaning. On his testimony the breach of contract by plaintiffs compelled him to reprocess, at considerable expense, merchandise they agreed to clean and for the processing of which he has paid them at the agreed rate. If this be true and the jury so finds, the plaintiffs, in the settlement between the parties, must compensate defendant, under the prevailing rule or measure of damages for breach of contract, for the loss he has sustained by reason of their failure to comply with the terms of their agreement.

The disposition we have made of this appeal renders it unnecessary for us to discuss other exceptive assignments of error appearing in the record.

For the reasons stated there must be a

New trial.