HARLAND CLAYTON PHILLIPS v. UNIVERSAL UNDERWRITERS IN-
SURANCE COMPANY

No. 7818SC1030

(Filed 18 September 1979)

1. **Insurance § 79 — action against liability insurer — refusal to give reason for rate
increase — false notice of termination — false statement that uninsured motorist
coverage waived — summary judgment for insurer**

In an action for damages based upon allegations that defendant insurer
showed a callous, willful, wanton and reckless disregard for plaintiff's rights
and well-being in that defendant ignored plaintiff's efforts to find out why a
premium for insurance covering his motorcycle had increased by $68.00, de-
fendant attempted to harass, embarrass and punish plaintiff for questioning
the rate increase by sending a false "Notice of Termination of Liability In-
surance" to the Department of Motor Vehicles, and defendant issued a false in-
surance policy to plaintiff containing a false statement of waiver of uninsured
motorist coverage, the trial court properly denied plaintiff's motion for sum-
mary judgment and properly entered summary judgment in favor of defendant
where plaintiff's deposition and other exhibits showed that defendant was
prompt in providing the information requested by plaintiff; a letter from plain-
tiff to defendant constituted a rejection of uninsured motorist coverage; an af-
fidavit of defendant's general manager showed that the "Notice of Termina-
tion" was sent to the Department of Motor Vehicles because of an inadvertent
clerical error, and plaintiff presented no contrary evidence; and plaintiff failed
to produce any evidence of damages.

2. **Damages § 11 — punitive damages — compensatory damages as prerequisite**

Punitive damages may not be awarded where plaintiff is not entitled to
recover any compensatory damages.

3. **Pleadings § 33.3 — disallowance of amendment as to punitive damages**

It was not error for the court to disallow an amendment to the complaint
asking for $100,000 punitive damages when it had dismissed the original re-
quest for $40,000.

APPEAL by plaintiff from *Kivett, Judge.* Orders entered 21
August and 23 August 1978 in Superior Court, GUILFORD County.
Heard in the Court of Appeals 22 August 1979.

Plaintiff initiated an action against defendant insurer
(Universal) on 21 November 1977. Plaintiff also named as defend-
ants the Commissioner of Insurance and the Commissioner of
Motor Vehicles for the state of North Carolina, but neither is in-
volved in this appeal. The thrust of plaintiff's complaint was that
in renewing plaintiff's insurance policy for the period of 12

September 1977 to 12 September 1978 Universal showed a "callous, wilful, wanton, and reckless indifference, and total disregard for plaintiff's rights and well-being." Plaintiff specifically alleged that Universal totally ignored his efforts to find out why the premium for a policy covering his Yamaha motorcycle had increased by $68; that Universal attempted to harass, embarrass and punish plaintiff for questioning the rate increase, by sending to N.C. Department of Motor Vehicles a "Notice of Termination of Liability Insurance" (FS-4), knowing said notice to be wholly false and untrue; and that Universal issued a false insurance policy to plaintiff since it contained a statement of waiver of Uninsured Motorist Coverage which Universal knew to be false. Plaintiff demanded compensatory damages of $4,000 and punitive damages of $40,000. Letters exchanged between plaintiff and Universal were attached as exhibits.

Universal answered the complaint, denying plaintiff's allegations and specifically alleging that an inadvertent clerical error was responsible for the FS-4 notice being sent and that it endeavored to explain to plaintiff the reasons for the change in premium. Plaintiff submitted a request for admissions and written interrogatories to Universal; Universal then took plaintiff's deposition. Plaintiff filed a motion for leave to amend his complaint, after which both parties moved for summary judgment. Universal submitted an affidavit by its regional sales manager to support its motion; plaintiff submitted his own affidavit. The court, after hearing arguments on the motions for summary judgment and leave to amend, denied plaintiff's motions, granted Universal's motion, and dismissed the case. Plaintiff appeals from these orders.

*J. W. Clontz for plaintiff appellant.*

*Johnson, Patterson, Dilthey and Clay, by Grady S. Patterson, Jr., for defendant appellee.*

MARTIN (Harry C.), Judge.

[1] Did the trial court commit reversible error either in denying plaintiff's motion for summary judgment, in granting Universal's motion for summary judgment, or in denying plaintiff's motion to amend his complaint? We answer this question in the negative and therefore affirm.

In discussing the standard for summary judgment as fixed by Rule 56(c) of the North Carolina Rules of Civil Procedure, the North Carolina Supreme Court has succinctly stated: "Rule 56 is for the disposition of cases where there is no genuine issue of fact and its purpose is to eliminate formal trials where only questions of law are involved." *Kessing v. Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E. 2d 823, 830 (1971). In reviewing the criteria for the grant of Universal's motion for summary judgment, we find that the court was not in error.

The deposition of plaintiff and certain exhibits established that Universal was prompt in providing the information which plaintiff requested, contrary to his allegation that his efforts to find out why his premium had increased had been ignored.

Furthermore, the insurance policy was not false in its notation that Uninsured Motorist Coverage had been waived. Plaintiff's letter of 2 September 1977 to Universal was clearly a separate written rejection of Uninsured Motorist Coverage. ". . . I expressly waived this coverage and I don't want it now!"

Finally, no genuine issue of material fact was presented as to the FS-4 statement. The question was whether Universal sent the notice of termination to the Department of Motor Vehicles deliberately, with total and reckless disregard for plaintiff's rights, or whether the notice was sent because of a clerical error. The affidavit of Universal's regional sales manager maintained that the FS-4 statement was simply a clerical error. And, when asked if plaintiff had any evidence upon which to base his "statement that these things you have complained of, about the company, were harassments rather than errors on the part of someone working for the company?" plaintiff responded, in his deposition, "No."

In addition, plaintiff totally failed to produce any evidence of damages. To the contrary, by his own admissions, he sustained no loss.

To be entitled to compensatory damages plaintiff must show that the damages claimed are the natural and probable result of the acts complained of; he must also show the amount of loss with reasonable certainty. *Norwood v. Carter*, 242 N.C. 152, 87 S.E. 2d 2 (1955). " 'However, where actual pecuniary damages are sought,

there must be evidence of their existence and extent, and some data from which they may be computed.' " *Id.* at 156, 87 S.E. 2d at 5. Implicit within this principle of law is the fact that plaintiff must have suffered some loss, no matter how minimal. In this case, plaintiff admitted in his deposition that he had sustained no monetary damages whatsoever. In response to questions concerning his monetary loss and compensatory damages, plaintiff answered that his only monetary loss had been a thirty-dollar fee for filing his lawsuit. He further admitted that he had sustained no loss to his motorcycle. It had neither been involved in an accident nor damaged in any way. There were absolutely no items of damage the plaintiff could point to. In other words, plaintiff claimed $4,000 in compensatory damages for losses that did not exist.

[2] Plaintiff also claimed punitive damages of $40,000 in his original complaint. Punitive damages are awarded above and beyond compensatory damages in proper instances. *Allred v. Graves*, 261 N.C. 31, 134 S.E. 2d 186 (1964). Punitive damages may not be awarded where plaintiff is not entitled to recover any compensatory damages. *Worthy v. Knight*, 210 N.C. 498, 187 S.E. 771 (1936). It follows that because plaintiff sustained no actual compensatory damages, he is not entitled to punitive damages.

[3] Plaintiff's argument that the court erred in denying his motion for leave to file an amended complaint is without merit. Since plaintiff's proposed amended complaint essentially asked for $100,000 punitive damages instead of $40,000 demanded originally, it was not prejudicial for the court to disallow the amendment asking for $100,000 punitive damages when it had dismissed the original request for $40,000.

The orders and judgment of the trial court are

Affirmed.

Chief Judge MORRIS and Judge PARKER concur.