JOSEPH T. CARRUTHERS, JR.. ADMINISTRATOR OF HERBERT L. BUR-
ROUGHS, v. ATLANTIC & YADKIN RAILWAY COMPANY.

and

JOSEPH T. CARRUTHERS, JR., ADMINISTRATOR OF LUTHER BURROUGHS,
v. ATLANTIC & YADKIN RAILWAY COMPANY.

(Filed 31 May, 1939.)

1. **Trial § 31: Negligence § 20—Charge held for error as containing an expression of opinion by the court that plaintiff had established his causes of action.**

In these actions to recover for the death of plaintiff's intestates, alleged to have been caused by the negligence of defendant, the form of the charge of the court *is held* for error as amounting to an expression of opinion by the court in repeatedly charging the duties owed by defendant to plaintiff's intestates and the circumstances under which the jury should answer the first issues in the affirmative without charging upon what conditions the issues should be answered in the negative.

2. **Trial § 29b—**

The failure of the court to explain the law arising on the evidence favorable to defendant is error, and mere silence of counsel upon the statement of the court after charging the law arising upon plaintiff's evidence that it would not recapitulate the evidence is not a waiver of the substantial rights conferred by C. S., 564.

3. **Railroads § 9: Negligence § 10—Instruction on the doctrine of last clear chance held erroneous.**

In these actions to recover for the deaths of plaintiff's intestates, killed in an accident at a railroad crossing, the charge of the court upon the doctrine of the last clear chance *is held* for error in that the facts recited in the charge has a basis for the application of the doctrine disclosed negligence on the part of the driver of the car continuing until the moment of impact, and in that the charge on this question conflicted with instructions theretofore given.

4. **Trial § 29b: Automobiles § 22—Charge held for error as presenting question of law not supported by the evidence.**

In actions to recover for the deaths of plaintiff's intestates, killed in an accident at a railroad crossing while riding as guests in an automobile, an instruction as to the law applicable if the jury should find that the driver of the car used his faculties to determine whether a train was approaching, although usually germane in such actions, will be held for error when there is no evidence upon the whole record to support such charge.

5. **Railroads § 9: Evidence § 56—**

The rule governing the competency and admissibility of negative evidence tending to show the failure of an engineer to give proper signals of the train's approach to a grade crossing, as laid down in *Johnson v. R. R.*, 214 N. C., 484, approved.

**6. Appeal and Error § 41—**

　　Where new trial is awarded for error in the charge, other exceptions, relating to matters which may not arise upon the subsequent hearing, need not be considered.

APPEAL by defendant from *Phillips, J.,* at October 31 Term, 1938, of GUILFORD. New trial.

Civil actions, consolidated for the purpose of trial, in which plaintiff as administrator in each case seeks to recover damages for the alleged wrongful death of his two intestates.

The two intestates, Herbert L. Burroughs and Luther Burroughs, were on 16 October, 1936, passengers on a Ford automobile being driven by one Winifred McNeil on North Carolina Highway No. 61. When the automobile reached the point where said highway crosses the track of defendant's railroad near Climax it was struck by one of defendant's trains and all of the occupants of the car were killed.

There was evidence that the crossing was a "blind" crossing and that a person traveling on an automobile could not see an approaching train until the automobile was within a few feet of the track; that it was a crossing at which the view was partially obstructed; and that it was a crossing at which a person on the highway had an unobstructed view of an approaching train for a considerable distance before reaching the track. There was evidence of one witness on the part of the plaintiff that he was within about 500 feet of the crossing at the time the train approached and he heard no signal given by the train crew. There was evidence on behalf of the defendant that as the train approached the crossing the bell was ringing and the whistle was blown.

Issues were submitted to and answered by the jury in favor of the plaintiff in each case. From judgments thereon the defendant appealed.

*Frazier & Frazier and Z. I. Walser for plaintiff, appellee.*
*Hobgood & Ward and Charles M. Ivey, Jr., for defendant, appellant.*

BARNHILL, J. There are numerous assignments of error contained in the record. They relate both to the introduction and rejection of testimony and to portions of the charge of the court. One of the assignments principally relied upon by the defendant is that the court failed to comply with the provisions of C. S., 564, in that: (1) In giving the charge the court by undue emphasis expressed an opinion ·that facts favorable to the plaintiff were fully and sufficiently proven, and (2) that in giving his charge the court failed to state in a plain and correct manner the evidence in the case and declare and explain the law arising thereon. This assignment of error must be sustained.

The plaintiff relied upon the evidence tending to show that no sufficient and timely warning was given by the train crew as the train approached the crossing, and evidence tending to show that the view of the driver of the automobile as he approached the track was obstructed. He further relied upon the law of concurrent negligence, contending that even if the driver of the automobile was negligent, his negligence concurred with that of the defendant in proximately causing the death of his intestates.

The defendant relied upon evidence tending to show that the view at the crossing was unobstructed; that a reasonable and timely warning was given by the defendant's employees as the train approached the crossing; and that the agents of the defendant were keeping a proper lookout. It contended that upon all the evidence the negligence of the driver of the automobile was the sole proximate cause of the injury and death of plaintiff's intestates.

In charging the jury on the first issue in each case, not including references thereto in the statement of the contentions, the court charged the jury in respect to the duty of the railroad company to give a reasonable and timely warning of the approach of its train ten times. Although there was no evidence of a failure to keep a proper lookout the court charged the jury four times as to the duty of the railroad company in respect thereto. It repeatedly charged the jury that the negligence of the driver of the automobile was not imputable to plaintiff's intestates, and that if the driver of the automobile and the defendant were jointly and concurrently negligent, and such joint and concurrent negligence constituted the proximate cause of the injury and death of plaintiff's intestates, they should answer the first issues "Yes." At no time did the court instruct the jury that upon a failure of proof by the plaintiff of the alleged negligence by the greater weight of the evidence, or upon a finding of no negligence on the part of the defendant, or that if the negligence of the driver of the automobile was the sole proximate cause of the death of plaintiff's intestates, or upon a finding that the defendant had kept a proper lookout and had given a timely warning of the approach of its train, they should answer the first issues "No." Its charge on the first issues dealt exclusively with the law of the case favorable to the plaintiff, except that there were a few abstract statements of the law bearing upon the contentions of the defendant without any application thereof to the evidence. In the statement of the contentions of the defendant the court at one time stated that the defendant contends that the jury should answer the first issues "No." At another time it inadvertently stated that the defendant contended that the jury should answer the first issues "Yes." This one reference in the statement of the contentions of the defendant is the only time the court made

any reference to the fact that it was possible for the jury to answer either of the first issues "No."

The comparatively extensive statement of the law of the case in favor of the plaintiff and the repetitions as to the duty of the defendant were due perhaps to the fact that the plaintiff tendered written instructions which were given by the court. Many of the repetitions are therein contained. It is understandable, likewise, that this may have led the trial court into overlooking its duty to state the law favorable to the defendant and to apply it to the evidence in the case. However this may be, the undue emphasis placed upon the duty of the defendant and the repetition of the circumstances under which the jury would answer the first issues "Yes," when considered in the light of the fact that the jury was at no time instructed upon what conditions it would be its duty to answer the first issues "No," amounted in fact to the expression of an opinion that the plaintiff had fully and sufficiently established his cause of action.

"The judge may indicate to a jury what impression the testimony or evidence has made on his mind, or what deductions he thinks should be made therefrom, without expressly stating his opinion in so many words. This may be done by his manner or peculiar emphasis or by his so arraying and presenting the evidence as to give to one of the parties an undue advantage over the other; or, again, the same result may follow the use of language, or form of expression calculated to impair the credit which might otherwise and under normal conditions be given by the jury to the testimony of one of the parties. *Speed v. Perry,* 167 N. C., 122, 83 S. E., 176; *S. v. Dancy,* 78 N. C., 437. It can make no difference in what way or when the opinion of the judge is conveyed to the jury, whether directly or indirectly, or by the general tone and tenor of the trial. The statute forbids an intimation of his opinion in any form whatever, it being the intent of the law to insure to each and every litigant a fair and impartial trial before the jury. 'Every suitor is entitled by the law to have his cause considered with the "cold neutrality of the impartial judge" and the equally unbiased mind of a properly instructed jury.' *Withers v. Lane,* 144 N. C., 192, 56 S. E., 855." Stacy, C. J., in *S. v. Rhinehart,* 209 N. C., 150.

The failure of the court in the manner heretofore indicated to charge the jury as to the law arising on the evidence favorable to the defendant likewise violates that part of sec. 564 which requires that the court shall state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon. The mere silence of counsel upon the statement by the court in its charge that "without objection the court will not attempt to recapitulate the evidence, word by word,

of each and every witness, as offered by the plaintiff and by the defendant in each of these cases," is not a waiver of this substantial right conferred by C. S., 564.

In the major portion of its charge the court made the right of the plaintiff to recover to depend upon the establishment, in one or more respects, of the negligence alleged by the plaintiff. In the concluding portion thereof it instructed the jury as follows:

"The question is, whether, after the plaintiff's intestate was in a position of peril, he was seen or could have been seen by defendant's employees, and whether, by the exercise of reasonable and ordinary care the engine could have been stopped or slackened to such an extent that injury could have been averted.

"On that question, the plaintiff insists and contends that according to the evidence of the defendant, that defendant's agents or servants saw the car approaching the railway track or crossing at a distance of 125 feet or more, and that at that time the train was 100 or 150 feet away, and that the train was coming at a rate of speed that it could have been stopped prior to reaching the crossing, if the engineer had used ordinary care in applying his brakes after being warned of the approach of the car and that the car was traveling at a rate of speed that, according to the evidence of the defendant, so the plaintiff insists and contends, that it could not have been stopped, and that it was the duty then of the engineer to stop his train in order to avoid the collision, and that he failed to do so, so plaintiff insists and contends."

Exception was duly entered to these instructions. Upon the facts recited in the statement of the foregoing contention of plaintiff it would not seem that the doctrine of the last clear chance is applicable. In any event, the quoted instruction conflicts with those theretofore given and had a tendency to leave the matter in a state of confusion in the minds of the jury.

All of the occupants of the car were killed. There was no eye witness to the approach of the automobile to the track, living at the time of the trial, except members of the train crew. Their testimony is to the effect that the car was being driven at about 45 miles per hour and did not stop or slacken its speed until it was struck by the train. There is, therefore, no evidence that the driver or the occupants of the car stopped, looked or listened, or in anywise used their faculties to ascertain whether a train was approaching. There was a highway warning sign and a railroad crossing sign and the railroad track was visible. There is no evidence as to whether they saw these signs of danger and disregarded them, or carelessly and negligently failed to see. Therefore, the portions of the charge of the court as to the law predicated

upon a finding by the jury that in approaching the track the driver of the car used a reasonable degree of care to ascertain whether a train was approaching are, under the circumstances in this case, erroneous and misleading.

The respective duties of a traveler upon the highway in approaching a railroad track at grade crossing and of the defendant railroad company in operating its trains in approaching such crossings are clearly and concisely stated by *Stacy, C. J.,* in *Quinn v. R. R.,* 213 N. C., 48, 195 S. E., 85. If there has been any apprehension that there are conflicting statements in the opinions of this Court in respect to the law in such cases such apprehension should be put at rest by what is said in that opinion.

The competency and admissibility of the evidence of the witness Dunn to the effect that he heard no whistle blown may be determined by what is said in *Johnson v. R. R.,* 214 N. C., 484.

While there are numerous other exceptions in the record the questions presented thereby may not again arise upon a retrial. What is here said is sufficient to require a

New trial.