ERNEST LUNSFORD v. GEORGE MARSHALL AND BOBBY HALL, TRADING AND DOING BUSINESS AS THE 138 TAXI COMPANY.

(Filed 21 September, 1949.)

**1. Carriers § 21b—**

Evidence that a cab driver traversed a sharp turn at 40 miles per hour, and that the violent motion of the cab threw plaintiff, a passenger, against the right rear door, that the door came open, and plaintiff fell from the cab to his injury, *is held* sufficient evidence of negligent operation of the

taxicab to overrule the cab company's motion to nonsuit in the passenger's action for damages.

**2. Same—**

Plaintiff passenger testified that he was thrown against the rear door of the taxicab by the violent motion of the cab, that the door came open, and that he was thrown from the cab to his injury. Plaintiff testified that he did not know whether the door was securely fastened or not, and the driver testified that as far as he knew the door was in perfect condition. *Held:* It was error for the court to submit to the jury as an element of negligence whether the cab company failed to maintain the door and lock in proper condition.

**3. Trial § 31c—**

It is error for the court to submit to the jury as evidence of a fact in issue that which merely raises a possibility or conjecture.

APPEAL by defendants from *Shuford, Special Judge,* at February Term, 1949, of BUNCOMBE. New trial.

*Cecil C. Jackson for plaintiff, appellee.*
*Williams & Williams for defendants, appellants.*

DEVIN, J. This was an action to recover damages for personal injuries sustained by plaintiff as result of being thrown from defendants' taxicab in or near the City of Asheville.

Plaintiff was a passenger in one of defendants' taxicabs 4 April, 1948, about 9 p.m., and, according to his testimony, the cab was being driven at an excessive and unlawful rate of speed. As it traversed a sharp left turn at the rate of 40 miles per hour, plaintiff was thrown violently against the right rear door, his right shoulder struck the door, the door came open, and he was thrown from the cab to the pavement, and injured. Verdict and judgment were for the plaintiff and defendants appealed.

There was sufficient evidence of negligent operation of the taxicab to carry the case to the jury and defendants' motion for judgment of nonsuit was properly denied. *Garvey v. Greyhound Corp.,* 228 N.C. 166, 45 S.E. 2d 58. Evidence of contributory negligence on the part of the plaintiff, if any, was insufficient to bar recovery.

However, we think there was error in the court's instructions to the jury on the first issue which necessitates a new trial. In charging the jury the court stated that one of the plaintiff's contentions was that defendants were negligent in failing to have and maintain the door and lock of the taxicab in proper condition, and thereafter charged the jury if they should find from the evidence, and by its greater weight, that the door and lock were defective, or the defendants' driver failed to operate the cab at a lawful rate of speed, or failed to exercise due care for the

safe conveyance of plaintiff, and they further found that the failure of defendants "in any of these respects," was the proximate cause of the injury, it would be their duty to answer the first issue yes. Thus the court permitted the jury to consider the question of a defective door and lock as one of the grounds upon which a favorable verdict for the plaintiff might be returned.

There does not appear in the record any evidence that the door or lock on the taxicab were defective. Plaintiff testified he did not touch the door at any time, except when thrown against it by the violent motion of the cab. Nor is there evidence that he observed the door. He said he did not know whether the door was securely fastened or not. Defendants' driver testified so far as he knew the door was in perfect condition.

Circumstances which raise merely a possibility or conjecture should not be left to the jury as evidence of a fact which a party is required to prove. *Sutton v. Madre,* 47 N.C. 320; *Brown v. Kinsey,* 81 N.C. 245; *S. v. Prince,* 182 N.C. 788, 108 S.E. 330; *Kirby v. Reynolds,* 212 N.C. 271 (280), 193 S.E. 412; *Carruthers v. R. R.,* 215 N.C. 675, 2 S.E. 2d 878.

In *Seagroves v. Winston,* 167 N.C. 206, 83 S.E. 251, *Chief Justice Clark* observed, "The submission of any question of fact to a jury without sufficient evidence to warrant a finding is error."

In *Garvey v. Greyhound Corp.,* 228 N.C. 166, 45 S.E. 2d 58, where recovery was had for injuries sustained when the plaintiff in that case was thrown out of the bus as result of improper operation, there was also affirmative evidence of the loosened condition of the door fastening mechanism. No such evidence appears here.

As there must be a new trial for the error pointed out, other exceptions noted by defendants and brought forward in their assignments of error do not require discussion or decision, as they may not arise on another trial.

New trial.