HARRY COLLINGWOOD v. WINSTON-SALEM SOUTHBOUND RAILWAY COMPANY.

(Filed 24 May, 1950.)

**1. Negligence § 19c—**

Nonsuit on the ground of contributory negligence is proper only when plaintiff's own evidence establishes this defense so clearly that no other conclusion reasonably can be drawn therefrom.

**2. Railroads § 4—**

Plaintiff's evidence to the effect that he had already turned on the lights of his car, that it was almost dark, that defendant's engine was moving noiselessly down grade, and that just as defendant drove upon the grade crossing light flashed up from the oncoming locomotive and its whistle was blown, but that it approached the crossing without light and without warning signal of any kind, *is held* not to establish contributory negligence as a matter of law.

**3. Trial § 31b—**

While the trial court's instructions as to the law should be confined to that arising upon the evidence adduced at the trial, an examination of the entire charge in this case *is held* not to disclose prejudicial error in stating

principles of law based on facts having no relation to those in evidence in the case.

### 4. Appeal and Error § 38—

The burden is on appellant not only to show error but also that the error complained of was material with resulting harm to its cause.

APPEAL by defendant from *Phillips, J.*, February Term, 1950, of STANLY. No error.

This was an action to recover damages for a personal injury sustained by plaintiff when his automobile was struck by defendant's locomotive at a grade crossing.

It was alleged that this occurred at 5:40 p.m. 17 December, 1948, when it was almost dark, and that defendant's locomotive approached the crossing without lights or signal. Defendant denied negligence and pleaded the contributory negligence of the plaintiff.

Issues were submitted to the jury and answered in favor of the plaintiff, and from judgment on the verdict the defendant appealed.

*H. C. Turner for plaintiff, appellee.*
*R. L. Smith & Son and Craige & Craige for defendant, appellant.*

DEVIN, J. The plaintiff's evidence was sufficient to carry the case to the jury on the issue of defendant's negligence, but it is contended that defendant's motion for judgment of nonsuit should have been sustained for the reason that the contributory negligence of the plaintiff conclusively appears.

However, we think the issue of contributory negligence was also one for the jury. *Coltrain v. R. R.,* 216 N.C. 263, 4 S.E. 2d 853; *Caldwell v. R. R.,* 218 N.C. 63, 10 S.E. 2d 680. The court properly could not sustain the motion to nonsuit on this ground unless the testimony tending to prove contributory negligence was so clear that no other conclusion reasonably could be drawn therefrom. *Winfield v. Smith,* 230 N.C. 392, 53 S.E. 2d 251; *Dawson v. Transportation Co.,* 230 N.C. 36, 4 S.E. 2d 921; *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307; *Atkins v. Transportation Co.,* 224 N.C. 688, 32 S.E. 2d 209; *Hampton v. Hawkins,* 219 N.C. 205, 13 S.E. 2d 227; *Cole v. Koonce,* 214 N.C. 188, 198 S.E. 637.

Plaintiff testified that at the time he approached the crossing it was almost dark, 5:40 p.m. December 17, and he had already turned on the lights on his automobile; that as he came to the crossing he slowed down almost to a complete stop and looked and listened for a train, and did not see or hear anything; that just as he drove on the track suddenly light flashed up from the on-coming locomotive, which, connected only with a tender, was moving noiselessly down grade, and a blast from the whistle

was blown as he was struck; that while he was familiar with the crossing and the view in daylight was unobstructed, darkness at the time obscured the view of an approaching unlighted locomotive, and no warning signal of any kind was given. Considering his evidence in the light most favorable for him, we think the motion for judgment of nonsuit properly denied.

Defendant assigns error in the charge of the court in that in stating generally the law as to the correlative duties of drivers of automobiles and railroad engines on approaching a grade crossing, the court stated principles of law based on facts which had no relation to those in evidence in this case. It is urged that this tended to suggest consideration by the jury of matters not in evidence, all to the prejudice of the defendant.

While it was the duty of the court to confine his instructions to the law arising on the evidence in the case on trial (G.S. 1-180), an examination of the entire charge of the court in the light of the evidence and the contentions of the litigants leaves us with the impression that no prejudicial effect from the instructions complaind of is apparent, and that the verdict was not improperly influenced thereby. The burden is on the appellant not only to show error, but also to make it appear that the error complained of was material with resultant harm to its cause. Collins v. Lamb, 215 N.C. 719, 2 S.E. 2d 863.

We have examined the other exceptions noted by defendant and brought forward in its assignments of error, but do not find them of sufficient moment to justify setting aside the verdict and judgment. The result will not be disturbed.

In the trial we find

No error.