## HARRY COLLINGWOOD v. WINSTON-SALEM SOUTHBOUND RAILWAY COMPANY.

(Filed 29 November, 1950.)

**1. Railroads § 4—**

Where, in an action to recover for a collision at a railroad grade crossing, there is no evidence that either party had the last clear chance, that the view at the crossing was obstructed, or that the crossing was unusually hazardous, it is error for the court to charge the jury on such principles of law which do not arise upon the evidence.

**2. Trial § 31b—**

It is prejudicial error for the court to charge the jury as to principles of law in no way arising upon the evidence.

**3. Same—**

The court is required to charge the law arising on the evidence given in the case, and a charge containing declarations of abstract principles of law without relating them to the evidence, is insufficient. G.S. 1-180.

JOHNSON, J., took no part in the consideration or decision of this case.

ERVIN, J., dissenting.

DEVIN, J., concurs in dissent.

PETITION to rehear case reported *ante,* 192, 59 S.E. 2d 584.

*R. L. Smith & Son, Craige & Craige, and Kerr Craige Ramsey for petitioners.*

*H. C. Turner for respondent.*

WINBORNE, J. This case relates to a collision between plaintiff's car and an engine and tender of defendant at a road crossing over defendant's railroad.

The grounds upon which the present petition to rehear is based are that the opinion reported *ante,* 192, fails to recognize as meritorious exceptions to portions of the charge of the court as given to the jury, and to failure of the court to charge the jury as required, and assigned as error on the appeal, and supported by principles of law declared in decisions of this Court.

It is pointed out that in specific portions of the charge to which exceptions assigned as error relate, the court charged the jury on principles of law in reference, and applicable to (1) last clear chance, (2) obstructed view, and (3) unusually hazardous crossings, when there is no evidence in the record that either party had the last clear chance, that the view was obstructed, or that the crossing was unusually hazardous. In the light of the acts of negligence alleged in the complaint, and of the evi-

dence shown in the record, we are constrained to hold that these exceptions are meritorious and show prejudicial error. Similar charges in *Carruthers v. R. R.*, 215 N.C. 675, 2 S.E. 2d 878, and in *Lunsford v. Marshall*, 230 N.C. 610, 55 S.E. 2d 194, were held for error, for which new trials were ordered.

It is also pointed out in the petition that exceptions are taken to the failure of the court, in charging the jury, to declare and explain the law arising on the evidence given in the case, as required by the provisions of G.S. 1-180, as amended by Chapter 107 of 1949 Session Laws of North Carolina. It is true that the charge contains declarations of abstract principles of law found in reported cases. Nevertheless, the exceptions appear to be well taken.

Other assignments of error based upon exceptions to the charge need not be treated since there must be a new trial for error above indicated. These may not recur on such new trial.

Petition allowed.

JOHNSON, J., took no part in the consideration or decision of this case.

ERVIN, J., dissenting: My interpretation of the record compels me to disagree with the majority opinion, which now overrules the decision handed down in this cause on 24 May, 1950. As I see it, the principles of law applicable to this appeal are rightly expounded in the opinion written by *Justice Devin* for this Court at that time. As a consequence, I vote to adhere to the former decision.

DEVIN, J., concurs in dissent.