ELLA L. DILLARD v. J. B. BROWN AND WIFE, COLA BROWN.

(Filed 2 May, 1951.)

**1. Appeal and Error § 31d—**

Where one appellant fails to file brief, such failure works an abandonment of his assignments of error except those appearing upon the face of the record which are cognizable *ex mero motu,* and where no such error

DILLARD v. BROWN.

appears and his counsel expressly states that he has abandoned his appeal, his appeal will be dismissed.

**2. Trial § 36—**

Defendants are husband and wife. Defendants' answer raised the issue as to the *feme* defendant's individual liability, if any, separate and apart from that of her husband, and there was evidence tending to support such issue. *Held:* The submission of an issue as to the indebtedness of defendants to plaintiff and the refusal to submit an issue directed to the separate liability of defendants must be held for error upon the *feme* defendant's appeal in failing to afford her opportunity to present her contention of nonliability.

**3. Trial § 31b—**

Appellant's assignment of error for the failure of the court to declare and explain the law arising upon her evidence sustained upon authority of *Collingwood v. R. R.*, 232 N.C. 724.

APPEAL by defendants from *Bennett, Special Judge,* at October-November Civil Term, 1950, of GASTON.

For cause of action plaintiff alleges in her complaint, as amended, substantially the following: That defendant J. B. Brown is her nephew; that she is the mother of Charles D. Dillard, deceased, and was beneficiary under certain policies of insurance on his life; that on given dates there were issued to her (1) by insurance companies three certain checks in the sums of $1,000.00, $1,000.00 and $1,008.30, and another (2) by the Treasurer of the United States in the sum of $195.30, each of which was "fraudulently, wrongfully and illegally endorsed by the defendant J. B. Brown and cashed by said defendant"; that on a given date there was issued to her by an insurance company another check in the sum of $1,001.41 which was "fraudulently, wrongfully and illegally endorsed by the defendants J. B. Brown and Cola Brown and cashed by them"; that "said J. B. Brown and wife, Cola Brown, wrongfully, fraudulently and illegally procured the sum of $4,205.01 from plaintiff by signing or causing her name to be signed by making her mark on the checks referred to . . . herein"; and that as she is informed and believes defendants paid $800.00 for the funeral expenses of Charles D. Dillard, and are justly indebted to her in the sum of $3,405.01 with interest on certain amounts from certain dates, after demand and payment refused,—for which judgment "against the defendants" is prayed.

Defendants, in their answer to the several allegations of the complaint, say that "except as herein admitted" each is untrue and is denied. The admissions in respect to checks are substantially these:

(1) As to the first $1,000 check: That at the request of plaintiff who was living with them at the time, "defendants helped plaintiff in endorse-

ment of" it; (2) As to second $1,000 check: "The plaintiff procured these defendants to effect such signatures upon an insurance check . . . that same . . . be collected; (3) As to the check for $1,008.30: "That . . . plaintiff procured the defendants to effect such signatures upon an insurance check . . . as enabled the defendant J. B. Brown to collect the amount thereof"; (4) As to the check for $195.30: "That the plaintiff procured the defendants to effect such signatures to an insurance check . . . that same could be cashed"; (5) As to the check for $1,001.41: "That at the request of Mrs. Dillard the defendants made such signature to an insurance check payable to plaintiff . . . that same . . . be cashed"; (6) As to each of said checks, substantially, that defendant J. B. Brown collected or procured cash on the checks and "handled same" in accordance with the directions or instructions of plaintiff; and (7) that the check for $195.30 was loaned by plaintiff to defendants.

And by way of further answer and defense, defendants allege: (1) That during the latter part of 1946 or early 1947 plaintiff, who had been living with her daughter, came to home of defendants, and was cared for for a period of about three weeks; (2) that after the death of Charles D. Dillard on 31 July, 1947, plaintiff moved into the home of defendants as a member of the family, and so remained until 12 February, 1950; that she advised defendants to build a home, and "they furnish her housing, board, sustenance and other reasonable necessities of life during the remainder of her life in consideration of the payment therefor out of such moneys realized upon any and all checks that the defendants, or either of them, had endorsed or received the cash thereon, to which agreement they agreed and carried same out until she left as aforesaid, and the defendants are now ready, able and willing to carry out said contract for her comfortable and reasonable support and maintenance during the remainder of her life."　And thereupon defendants pray that plaintiff have and recover nothing of "the defendants or either of them except right of housing and support from the defendant J. B. Brown," and "for such other and further relief as either defendant may show himself or herself entitled to under the law and facts of the case."

And defendants, by permission of the court, amended their answer by averring "that during the period that Mrs. Dillard lived in the home with them they rendered services to her of the value of $2,500.00."

And upon the trial both plaintiff and defendants offered evidence,—the *feme* defendant Cola Brown testifying that while she witnessed one of the checks, "she never got any of the checks, rather money out of same."

Defendants tendered these issues:

"1. Did the plaintiff contract with the defendants, or either of them, paying money that she alleges to have been received by the defendants for support and maintenance?

"2. If so, are the defendants, or either of them, ready, able and willing to carry out the contract?

"3. If not, in what amount, if any, are the defendants or either of them indebted to the plaintiff, and which one?"

The court submitted the case to the jury upon these issues which were answered as shown:

"1. Did the plaintiff agree with the defendants that the defendants should be paid for the furnishing of housing, board, sustenance, and other reasonable necessities of life, during the remainder of her said life, out of the moneys realized upon the said checks by the defendants, as alleged in the answer? Answer: No.

"2. In what amount, if any, are the defendants indebted to the plaintiff? Answer: $1,766.00."

And from judgment for plaintiff on the verdict, defendants appeal to Supreme Court, but the *feme* defendant only files brief in Supreme Court, assigning error.

*Ernest R. Warren for plaintiff, appellee.*
*J. L. Hamme for defendant Cola Brown, appellant.*

WINBORNE, J. The record and case on appeal as to both defendants has been duly docketed in this Court. But defendant J. B. Brown has failed to file brief as required by Rule 27 of Rules of Practice in the Supreme Court, 221 N.C. 544, at page 562. Such failure works an abandonment of his assignments of error, except those appearing upon the face of the record, which are cognizable *ex mero motu.* See *S. v. Robinson,* 214 N.C. 365, 199 S.E. 270, where authorities are assembled. However, as to defendant J. B. Brown, error does not appear upon the face of the record. Indeed, his counsel expressly states that he has abandoned his appeal. Hence it must be dismissed.

Nevertheless, as to the appeal by defendant Cola Brown, a different situation is presented. The pleadings raise an issue as to her individual liability, if any, separate and apart from that of her husband, the defendant J. B. Brown, and there is evidence tending to support such issue. The third issue tendered by defendant, and refused by the court, while not aptly phrased, is sufficient to present the question of her separate liability, if any. And it is apparent that the second issue submitted to the jury is not determinative of the case. It did not afford her opportunity to present her contention of nonliability based upon the evidence offered.

"It is essential in the trial of a civil action by jury," as recently stated by *Devin, J.,* in *Turnage v. McLawhon,* 232 N.C. 515, 61 S.E. 2d 336, "that the issues submitted shall embrace all material questions in contro-

versy, and that each party have opportunity to present fairly and fully his contentions of law and fact," citing cases.

Moreover, the assignment of error based upon exception taken to the failure of the court, in charging the jury, to declare and explain the law arising upon her evidence given in the case, as required by the provisions of G.S. 1-180, as amended by Chapter 107 of 1949 Session Laws of North Carolina, is well taken. See *Collingwood v. R. R.,* 232 N.C. 724, 62 S.E. 2d 87.

For reasons stated there must be a new trial as to defendant Cola Brown.

Hence, as to defendant J. B. Brown:

Appeal dismissed.

As to defendant Cola Brown:

New trial.