STATE OF NORTH CAROLINA v. JAMES CALVIN JONES

No. 40

(Filed 12 January 1982)

APPEAL by defendant pursuant to G.S. 7A-27(a) from *Battle,* *J.,* at the 6 October 1980 Criminal Session of ROBESON County Superior Court.

This is the second time that this case has been before us. Defendant was originally tried in October 1977. Upon his conviction of first-degree murder, he was sentenced to death. In that

case we granted a new trial because of prejudicial comments made by the district attorney. *See State v. Jones*, 296 N.C. 495, 251 S.E. 2d 425 (1979).

In instant case defendant was again tried on a bill of indictment charging him with the first-degree murder of Jimmy Locklear on 3 July 1977. He was convicted of second-degree murder and sentenced to life imprisonment.

In instant case the State offered evidence tending to show that around noon on 3 July 1977 defendant was released from the Robeson County prison unit on a pass, and during the afternoon, he borrowed his brother's car. He also borrowed a friend's rifle and some ammunition. Defendant began to search for a young man named Jimmy Locklear, who had reportedly been going with defendant's wife while defendant was in prison. He was unable to locate Jimmy Locklear, so he proceeded to the home of Herbert Locklear, who had also supposedly been going with defendant's wife. Herbert Locklear resided with his father, who coincidentally was also named Jimmy Locklear.

The State's witness Johnny Dial testified that at about 4:30 p.m. on 3 July 1977 he saw an old man and a younger man struggling in the doorway of the house where Herbert Locklear and his father Jimmy Locklear lived. He observed the older man break away and run toward the highway and saw the younger man shoot the fleeing man in the back. At trial the witness identified defendant as the man who did the shooting. There was also evidence to the effect that defendant told his brother late in the afternoon of 3 July 1977 that he had just killed Herbert Locklear's father.

The medical evidence presented by the State tended to show that Jimmy Locklear, father of Herbert Locklear, died as a result of two bullet wounds to the back.

Defendant presented no evidence.

*Rufus L. Edmisten, Attorney General, by Alfred N. Salley, Assistant Attorney General, for the State.*

*Bruce W. Huggins for defendant.*

PER CURIAM.

Upon return of the jury verdict, defendant duly gave notice of appeal. This amounted to an exception to the judgment so as to present for our review any matters appearing upon the face of the record. *State v. Kirby*, 276 N.C. 123, 171 S.E. 2d 416 (1970); *State v. Ayscue*, 240 N.C. 196, 81 S.E. 2d 403 (1954). Defendant also filed a record on appeal in which in lieu of grouping exceptions and setting forth assignments of error he stated: "Defendant's attorney having reviewed carefully, and having found no errors, submits this record to the Court for its review pursuant to the Rules of Appellate Procedure."

In a criminal case, the record on appeal consists of the following: (1) an index of the contents of the record, which shall appear on the first page thereof; (2) a statement identifying the judge from whose judgment or order appeal is taken, the session at which the judgment or order was rendered, or if rendered out of session the time and place of rendition and the party appealing; (3) copies of all warrants, informations, presentments, and indictments upon which the case has been tried in any court; (4) copies of docket entries or of a stipulation of counsel showing all arraignments and pleas; (5) so much of the evidence, set out in the form provided in Rule 9(c)(1), as is necessary for understanding of all errors assigned; (6) where error is assigned to the giving or omission of instructions to the jury, a transcript of the entire charge given; (7) copies of the verdict and of the judgment, order, or other determination from which appeal is taken; (8) a copy of the notice of appeal, or of the appeal entry showing appeal taken orally, and of all other appeal entries relative to the perfecting of appeal; (9) copies of all other papers filed and proceedings had in the trial courts which are necessary for an understanding of all errors assigned; and (10) exceptions and assignments of error set out as provided in Rule 10. Rule 9(b)(3), Rules of Appellate Procedure.

Defendant failed to file a brief as required by Rule 13 of the Rules of Appellate Procedure. In fact, no assignments of error appear in the record which has been duly filed with us. Therefore, we have before us only such error as may appear on the face of the record. *Dillard v. Brown*, 233 N.C. 551, 64 S.E. 2d 843 (1951); *State v. Robinson*, 214 N.C. 365, 199 S.E. 270 (1938). Ordinarily,

we would dismiss summarily a case which comes to us in this posture. Rule 15(g)(4). However, in cases involving death or life sentences, we customarily examine the record before us for any error that might appear. We have done so in this case, and the record discloses that the indictment was proper in form, defendant was arraigned and duly entered a plea of not guilty, the verdict was properly returned and entered, and the judgment imposed was within the statutory limits.

The record did not contain the court's charge, and we must therefore presume that the court correctly instructed the jury on the applicable law and correctly applied the law to the facts of this case. *State v. Hines*, 266 N.C. 1, 145 S.E. 2d 363 (1965). We are unable to find any fatal defect on the face of the record on appeal. Further, there was overwhelming evidence in the record to show that the crime charged was committed and that defendant was the perpetrator of that crime.

We find no error prejudicial to defendant.

No error.